## THE CENTRAL PLANK ROAD CO. v. HANNAMAN.

STATUTES CONSTRUED—FORFEITURE OF ROAD CHARTER—CONSTITU-
TIONAL LAW.—The title of the act of *March* 5, 1859, 1 G. & H.
491, is sufficient to embrace a section authorizing the forfeiture of
a charter as to a part of a road.

SAME.—Said act authorizes the forfeiture of less than the whole of
the portion of any road which may be within any one county.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—On the 4th day of *June*, 1858, *Hannaman*
and others filed a complaint against the *Central Plank Road
Company*, alleging that the company had permitted that part
of the road in *Marion* county, between *Indianapolis* and the
line of *Hancock* county, to remain for six months out of re-
pair, &c.

The complaint was demurred to, the demurrer sustained,
and leave given to "amend the complaint."

An amended complaint was filed consisting of a single par-
agraph.

The defendant then demurred, says the Clerk, to the second
paragraph of the complaint.

Afterwards, no action being had on the demurrer, the de-
fendant answered "the complaint."

Afterwards, the plaintiffs "amend their complaint herein,"
by leave of Court, and say that what they file is "by way of
amendment to the complaint herein before filed," but the
Clerk miscalls the amendment to the complaint, "the amended
complaint."

What we have said shows that the record does not com-
mence at the filing of this amendment.

The defendant demurred; the Court overruled the demur-
rer; an answer was filed; a trial was had, and there was judg-

ment for the plaintiff, and for the vacation of a specified portion of the road.

The evidence is not of record, nor are the instructions, which were given or refused. No questions are raised by the record, except upon the act of the legislature under which the proceedings were had. Two questions are made upon that:

1. That under the title of the act, no section would be valid authorizing the forfeiting of a charter as to a part of a road embraced by it.

2. That the act itself does not authorize the forfeiture as to less than the whole of the portion of any road which may lie within any one county.

We think the first question must be ruled against the appellant. The title of the act is as follows:

"An act to prohibit the collection of tolls upon gravel, turnpike, McAdamized, and plank roads in certain cases; and to provide the mode of declaring charters of such roads forfeited in certain cases, and repealing all laws inconsistent herewith."

The whole includes the parts; and properly connected with the subject of prohibiting the collection of tolls, and declaring charters forfeited, certainly is the right of defining extent, and limitation to parts. See *Lauer* v. *The State*, and cases cited, at this term.

The second question must also be decided against the appellant.

The tenth section of the general plank road law enacts that, "if any such road, after its completion, *or any part thereof*, shall be suffered to be out of repair," &c. 1 G. & H. 477.

The whole section reads thus:

"Sec. 10. If any such road, after its completion, or any part thereof, shall be suffered to be out of repair so as to be impassable for the space of one year, unless when the same is repairing, said company shall be liable to be proceeded against

by *quo warranto;* and if such company shall suffer the road to be out of repair to the hindrance or delay of travelers for any'unreasonable length of time, they shall have no right to collect tolls thereon until the same is repaired."

This section contemplates the depriving of the corporation of its charter for the act of suffering a part of the road in a county to be out of repair for a year, and subjects it to a forfeiture of the right to collect toll for the act of suffering the road to be out of repair for a shorter period.

The first section of the act under which this suit was prosecuted is, " that hereafter when any," &c., the corporation shall not be allowed to "collect toll upon such road, or upon so much of the same as is out of repair," &c., if suffered to remain out of repair for a longer time than is reasonably necessary to put it in repair. 1 G. & H. 91.

The second section reads as follows :

"In all cases where any road specified in the above section, shall be suffered to get and remain out of repair, so as to be inconvenient for the public travel, for the space of six months or more, at any one time, and if the same is not being repaired, it shall be lawful for any voter of the county, through which the road, or any part thereof, may run, to file a complaint with the clerk of the Court, verified by his oath, or affirmation, setting forth that the road, (describing it,) or so much of the same as lies within the county in which he resides, is out of repair, and has so been for the last six months, and that the same is not being repaired, and that he has no good reason to believe that such repairs will be speedily made."

The third and fourth sections pertain to giving notice, &c. The fifth section of the act is thus :

" The Court before whom any case under this act may be heard, shall, after hearing all the proof and allegations, and being fully advised as to the material facts of the case, declare,

if in the opinion of the Court or jury trying the same, the road has been suffered to get and remain out of repair so as to come within the provisions of the second section of this act, that all the rights and immunities that the defendant or defendants may have, by virtue of any charter granted or under any act of incorporation of this State, forfeited; *Provided, however,* such forfeiture shall only apply to so much of said road lying in said county as has been proven to be out of repair, as set forth in the second section of this act. *And be it further provided,* that in all cases where the Court or jury shall declare a forfeiture under the provisions of this act, such forfeiture shall in no wise affect any right, contract, suit or liability which existed prior to such forfeiture; but the same shall have the same force and effect as though such forfeiture had never been decreed."

The sixth section reads thus:

"Whenever any forfeiture of chartered or incorporated rights shall be declared, under the provisions of this act, it shall be held to be a vacation of so much of said road as may be declared forfeited; *Provided,* the grounds upon which such road was located was not a public highway prior to the location of such road; in which case, the same shall be deemed a public highway, and be worked as all other highways."

Under these sections we think the distinction intended relates to time during which the road or a part of it is suffered to remain out of repair, not to the length of line of road which may be out of repair.

This is the most favorable construction for the company; because, otherwise, when a portion of a road in a county had been suffered to remain out of repair for six months, the Court, being compelled to treat the entire portion in the county as a unit, would have to hold it all out of repair, and vacate the whole of the road in the county. How much

length of the road, for a given extent out of repair, under the present ruling, should be forfeited, we have not now to decide.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Barbour & Howland*, for the appellant.